IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Q. Robinson, | ) | C/A No.: 1:14-760-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Nikon Morgan, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Anthony Q. Robinson, proceeding pro se, brought this action alleging that Nikon Morgan ("Defendant") used excessive force against him in violation of his constitutional rights. This matter comes before the court on the following motions: (1) Plaintiff's motion to compel and for an extension of time to complete discovery [Entry #24]; (2) Plaintiff's motion to compel [Entry #28]; and (3) Plaintiff's motion for a pretrial conference and for appointment counsel [Entry #35]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.).

I.     Plaintiff's motion to compel and for an extension of time to complete discovery

In his motion to compel filed May 9, 2014, Plaintiff seeks to compel complete responses to his requests to Defendant for copies of (1) documents related to correctional officer training in use of force, (2) SCDC use of force policy, and (3) SCDC policy and procedure for escorting inmates from their room. [Entry #24]. Plaintiff contends that he needs this information because it is relevant to his excessive use of force claim. *Id.* Plaintiff asks for an extension of discovery to allow him to obtain these items or that the

court order Defendant to answer the identified interrogatories and requests for production. *Id.*

The requested documents are not relevant to whether Defendant violated Plaintiff's constitutional rights by the use of excessive force. Assuming, *arguendo*, that Defendant violated SCDC policies and procedures, Plaintiff must still show that Defendant violated his constitutional rights. *See United States v. Caceres,* 440 U.S. 741 (1978); *see also Johnson v. S.C. Dep't of Corrections*, No. 06–2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ("Plaintiff's allegation that Defendants did not follow their own policies fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation.") (citing *Riccio v. County of Fairfax*, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)). Because Plaintiff has not shown that he is entitled to the requested information, the undersigned denies his motion to compel and motion for extension of time to complete discovery.

II.     Plaintiff's motion to compel

In his motion to compel filed June 2, 2014, Plaintiff seeks to compel Defendant to answer interrogatories 10 and 14, to which the Defendant objected. [Entry #28]. Plaintiff does not attach a copy of Defendant's responses to the interrogatories or explain why Defendant's response was insufficient. Because Plaintiff has failed to provide any arguments regarding the alleged insufficiency of Defendant's responses to discovery, his motion to compel [Entry #28] is denied.

III.    Plaintiff's motion for a pretrial conference and to appoint counsel

In his motion for a pretrial conference and appointment of counsel, Plaintiff

provides no basis for either of his requests. [Entry #35]. The undersigned has reviewed the docket and finds that a pretrial conference is unnecessary at this time. Plaintiff's motion to appoint counsel is denied because Plaintiff is not entitled to a discretionary appointment of counsel under 28 U.S.C. § 1915(e)(1), as explained in more detail in the undersigned's March 28, 2014, order [Entry #18] denying Plaintiff's prior request for an appointment of counsel.

IV.     Conclusion

For the foregoing reasons, the undersigned denies (1) Plaintiff's motion to compel and for an extension of time to complete discovery [Entry #24]; (2) Plaintiff's motion to compel [Entry #28]; and (3) Plaintiff's motion for a pretrial conference and motion to appoint counsel [Entry #35].

IT IS SO ORDERED.

October 8, 2014                                     Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge