IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Q. Robinson, | ) | C/A No.: 1:14-760-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Nikon Morgan, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Anthony Q. Robinson, proceeding pro se, is an inmate incarcerated at McCormick Correctional Institution in the custody of the South Carolina Department of Corrections ("SCDC"). He brings this action pursuant to 42 U.S.C. § 1983 against Nikon Morgan ("Defendant"), alleging a violation of his constitutional rights during his incarceration at Perry Correctional Institution ("PCI").

This matter comes before the court on Defendant's motion for summary judgment. [Entry #29]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [Entry #30]. This matter having been fully briefed [Entry #32, #34], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). Because the motion for summary judgment is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends Defendant's motion be granted.

I.      Factual Background

The undersigned views the facts in the light most favorable to Plaintiff as the non-moving party. Plaintiff alleges that Defendant used excessive force against him on August 7, 2013, while escorting him from the shower. [Entry #13 at 3]. Specifically, Plaintiff claims that when Defendant and Lt. Cashwell escorted him to the showers, Plaintiff and Defendant "exchanged words." *Id.* Plaintiff alleges that once back in his cell, Defendant "violently gripped [Plaintiff's] left ankle while taking off his left foot shackle." *Id.* Plaintiff contends that he "then snatched his foot forward out of Defendant's grip." *Id*. In his affidavit, Defendant stated he believed Plaintiff was attempting to kick him and stomp on his right hand. [Entry #29-2]. Defendant states that although this was his first incident with Plaintiff, he was aware that Plaintiff had assaulted other correctional officers in the past. *Id*.

Plaintiff alleges that Defendant grabbed the retrieval chain from Lt. Cashwell and began pulling it hard. [Entry #13 at 3]. Plaintiff characterizes Defendant's action as an attempt to break Plaintiff's arm and alleges that his arm was swollen and bleeding and he was crying out in pain. *Id.* Plaintiff alleges that Defendant then sprayed him in the face with chemical munitions while ordering him to turn around. *Id.* Plaintiff states he was then seen by the nurse and placed in a control cell. *Id*. Plaintiff claims that he suffered injuries to his right hand, wrist, and arm. *Id.* at 4. He states that he wore an ace bandage and splint for two weeks and that he was given ibuprofen and eye drops for his right eye. *Id.* Plaintiff seeks monetary damages. *Id.* at 5.

II.   Discussion

    A.   Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319

3

(1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.   Analysis

1.   Excessive Force

Plaintiff alleges that Defendant used excessive force by pulling his restraints tightly and spraying him with chemical munitions. [Entry #13 at 3–4]. In an excessive force case, a claimant must meet a heavy burden to satisfy the subjective component of the claim. Specifically, Plaintiff must prove that a correctional officer applied force "maliciously and sadistically for the very purpose of causing harm," rather than in a good-faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986); *see also Wilkins v. Gaddy*, 559 U.S. 34 (2010). The objective component of an excessive force claim is not nearly as demanding, however, because "'[w]hen prison officials maliciously and sadistically use force to cause harm'. . . 'contemporary standards of decency are always violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.'" *Wilkins*, 559 U.S. at 37 (quoting *Hudson v. McMillan*, 503 U.S. 1, 7 (1992)).

Courts must give "wide-ranging deference" to the execution of policies and practices that in the judgment of the prison officials are necessary "to preserve internal order and discipline and to maintain institutional security." *Whitley,* 475 U.S. at 321–22.

4

The Supreme Court has recognized that prison officials work in an environment where there is an ever-present potential for violence and unrest, and that courts should not substitute their judgment for that of the officials who must make a choice at the moment when the application of force is needed. *Id.* The deference owed to prison administrators extends to "prophylactic or preventive measures intended to reduce the incidence of . . . breaches of prison discipline." *Id.* at 322.

Federal courts closely scrutinize the use of tear gas or mace in correctional facilities. *See, e.g., Bailey v. Turner*, 736 F.2d 963 (4th Cir. 1984); *Greear v. Loving*, 538 F.2d 578 (4th Cir. 1976). Even when properly used, such weapons "possess inherently dangerous characteristics capable of causing serious and perhaps irreparable injury to the victim." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984), *cert. denied*, 470 U.S. 1035 (1985). Accordingly, although it is not per se unconstitutional for guards to spray mace at prisoners confined in their cells, it is necessary to examine the "totality of the circumstances, including the provocation, the amount of gas used, and the purposes for which the gas is used [to] determin[e] the validity of the use of tear gas in the prison environment." *Bailey*, 736 F.2d at 969; *see also, Justice v. Dennis*, 834 F.2d 380, 383 (4th Cir. 1987) (en banc), *vacated on other grounds*, 490 U.S. 1087 (1989).

Mace and pepper spray can be constitutionally used in small quantities to control a "recalcitrant inmate." *Bailey*, 736 F.2d at 968–69. A limited application of chemical munitions may be "much more humane and effective than a flesh to flesh confrontation with an inmate." *Soto v. Dickey*, 744 F2d 1260, 1270 (7th Cir. 1984). Moreover, prompt washing of the affected area of the body will usually provide immediate relief from pain.

*Id.* Because a limited use of mace constitutes a relatively "mild" response compared to other forms of force, the initial application of mace indicates a "tempered" response by the prison officials. *Williams v. Benjamin*, 77 F3d 756, 763 (4th Cir. 1996).

The Supreme Court has directed courts to balance several factors in determining whether prison officials act maliciously and sadistically. These factors include (1) the necessity for the application of force; (2) the relationship between the need for force and the amount of force used; (3) the extent of the injury actually inflicted; (4) the extent of the threat to the safety of the staff and prisoners, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) the efforts taken by the officials, if any, to temper the severity of the force applied. *Whitley*, 475 U.S. at 321.

It appears that Defendant's use of force was justified. Plaintiff admits that he snatched his leg from Defendant's grip as soon as Defendant unshackled his left leg, which Defendant reasonably perceived as an attempt to kick him or stomp on his foot. [Entry #13 at 3; Entry #29-2]. Defendant's use of force bore a reasonable relationship to the threat from Plaintiff, as Defendant knew Plaintiff had a history of attacking corrections officers. [Entry #29-2, #29-7]. Although Plaintiff alleges he was confined in his cell, Defendant had not yet removed his other restraint. Plaintiff had to be further subdued to prevent him from causing injury with one leg free from restraints. *Id*.

With regard to the injury inflicted, Plaintiff alleges he was hurt, but does not allege he suffers permanent injury. He wore a splint for two weeks and was provided ibuprofen and eye drops. [Entry #13 at 4, #13-1 at 3–4]. Although he was offered an x-ray, he refused it because he was required to wear a spit shield due to his previous behavior. *Id*.

6

Finally, it appears that Defendant tried to temper the force applied, as a nurse examined Plaintiff after the incident and he was given the opportunity to decontaminate his cell. [Entry #29-3].

After a balance of the *Whitley* factors, the undersigned recommends Defendant be granted summary judgment on Plaintiff's excessive force claim.

2.     Assault and Battery

Plaintiff also asserts a state law claim for assault and battery. [Entry #13 at 2]. South Carolina law provides that "an assault occurs when a person has been placed in reasonable fear of bodily harm by the conduct of the defendant, and a battery is the actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of degree." *Jones v. Winn-Dixie Greenville, Inc.*, 456 S.E.2d 429, 432 (S.C. Ct. App. 1995) (citation omitted). Plaintiff cannot show that Defendant used unlawful force, and therefore, has not set forth a valid claim for assault and battery. *See Roberts v. City of Forest Acres,* 902 F.Supp. 662, 671 n. 2 (D.S.C. 1995) (finding that an officer who used reasonable force in effectuating an arrest is not liable for assault and battery) (citing *Moody v. Ferguson*, 732 F.Supp. 627, 632 (D.S.C. 1989)).  Because Plaintiff has not shown that Defendant's use of force was excessive or unlawful, Defendant is entitled to summary judgment on Plaintiff's claim for assault and battery.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Defendant's motion for summary judgment [Entry #29] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 8, 2014
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).